IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH P. BERTRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:08-01123 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| YELLOW TRANSPORTATION, INC., ) | |
| LARRY BRINEY, CARL HASTINGS, ) | |
| KEITH DAILEY, individually and ) | |
| their Official Capacity as Line Haul ) | |
| Shift Operation Manager, and LOCAL ) | |
| UNION 480 TEAMSTERS FREIGHT ) | |
| EMPLOYEES INTERNATIONAL ) | |
| BROTHERHOOD OF TEAMSTERS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss, in Part, Plaintiff's Amended Complaint, filed by Defendants Yellow Transportation, Inc., Larry Briney, Carl Hastings, and Keith Dailey. Docket No. 43. These Defendants have also submitted a supporting Memorandum of Law. Docket No. 44.

Some ten days after the filing of the instant Motion, the pro se Plaintiff submitted a document headed, "The plaintiff's Response in Opposition to the defendants' Motion to Dismiss." Docket No. 58. Plaintiff also submitted a "Memorandum of Law" in support of his Response. Docket No. 59.

After the filing of Plaintiff's Response to the instant Motion, the other Defendant in this action, Teamsters Local 480, filed a separate "Motion to Dismiss" and an accompanying Memorandum of Law. Docket Nos. 61, 62. Some eight days after the filing of that Motion, Plaintiff filed a document headed "Plaintiff's motion to NOT dismiss In Part or In Whole any of this complaint in the alternative, the Plaintiff moves to deny all dismissal to the Defendants." Docket No. 73. Plaintiff submitted a supporting Memorandum with that Motion. Docket No. 74.

Approximately two weeks later, Plaintiff submitted a "Notice of Filing of Affidavit in Support of Plaintiff's Motion Not to Dismiss" (Docket No. 90) and an accompanying Affidavit (Docket No. 91).

Local Rule 7.01(b) provides in relevant part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive materials not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court.

Local Rule 7.01(b) clearly contemplates the filing of a single set of responsive materials not later than ten (10) days after service of a Motion. Moreover, in analyzing a Motion to Dismiss under Rule 12(b)(6), "the court may consider only the facts alleged in the pleadings, documents attached as exhibits, or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice." **Moore's Federal Practice 3d** § 12.34[2], p. 12-87 (2009) (footnote omitted). Additionally, "The court may not . . . take into account additional facts asserted in a memorandum opposing a motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Id.*, p. 12-90 (footnote omitted).

2

For these reasons, in analyzing the instant Motion to Dismiss, the Court will not consider any material filed by Plaintiff except his Response in Opposition to Defendants' Motion to Dismiss (Docket No. 58) and his supporting Memorandum of Law (Docket No. 59).

## II. Facts and Claims Subject to the Instant Motion

Plaintiff has filed a rambling and, in many instances, simply incoherent Amended Complaint, which is almost 30 pages in length. Docket No. 21. The Amended Complaint consists primarily of conclusory allegations, not factual allegations. The arguments raised in the instant Motion, however, can be addressed in the context of fairly limited factual matters.

Essentially, Plaintiff claims that he was employed by Defendant Yellow Transportation as an over-the-road commercial tractor driver beginning in 2000. He claims that he was a victim of racial and sexual discrimination and sexual harassment, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended. He avers that he was wrongfully terminated on November 9, 2006. He avers that he was unlawfully harassed and disciplined for "various alleged violations which were untrue." Docket No. 21, p. 5. The infractions for which he was disciplined and harassed "ranged from driving while inappropriately dressed, falsifying driver's logs, failing to protect dispatch time, failing to clean trucks, delaying freight, and delivering wrong loads to designated locations." He was also subjected to sexual harassment by sexually vulgar graffiti in the men's restroom and on a proposed bid assignment. He was also subjected to sexual jokes, unwelcome sexual conversation, and unwelcome touching. When he complained, some of the graffiti was removed.

While he avers that he was unlawfully terminated because of racial, sexual and national origin discrimination, he also avers that his termination violated the Family and Medical Leave

3

Act.

With regard to his causes of action, Plaintiff states as follows:

> The Plaintiff also bring this action for compensation under Family and Medical Leave Act of 1993, 29 C.F.R. Part 825, Public Law 103-3, 49 CFR Parts 40, part 395(I) and 107 Stat. 6 February 5, 1993, 49 CFR Parts 40 and 29 U.S.C. 2601 *et seq.* The Plaintiff also bring this action for compensation under The Fourteenth Amendment to the United States Constitution for violation of the Equal Protection Act Clause, the Tennessee Human Right Act 41-21-401 *et seq.* and 42 U.S.C. 1983, Title IX of the Education Amendments of 1972, Title 20 U.S.C. Sections 1681-1688, Title VII of the Federal Civil Right Act of 1964 for illegal racial discrimination and for illegal discrimination based on national origin and/or color, United States Constitution for violation of the denial of due process, Title VI of the Federal Civil Right Act of 1964, H.R. 7152, and for illegal racial discrimination and for illegal discrimination based on national origin and/or color under the Tennessee Human Right Act 41-21-401 *et seq.*, and Title 20 U.S.C. Sections 1681-1688.

Docket No. 21, p. 3.

It should be noted that Plaintiff's termination occurred on November 9, 2006.[1] The instant action was filed, at the earliest, on January 7, 2008.[2]

---

[1] Plaintiff stated in his Charge of Discrimination filed with the EEOC against Yellow Transportation that he was terminated on November 9, 2006. Docket No. 21, p. 5, 9, 10, 11. In his Charge of Discrimination filed against the Union, however, he stated, "I was terminated from my position as a driver with Respondent [presumably the Union] on December 13, 2006." Docket No. 21, p. 6. He explains in that Charge of Discrimination that his termination was upheld "during a hearing on December 13, 2006, because the Union refused to present evidence, which would have cleared me, on my behalf." *Id.*

[2] Plaintiff filed his original Complaint and an application to proceed in forma pauperis on January 7, 2008. Docket Nos. 1, 2. The application to proceed in forma pauperis was initially denied (Docket No. 3) and Plaintiff submitted a second application to proceed in forma pauperis (Docket No. 5). Plaintiff's second application was denied (Docket No. 14), and Plaintiff paid the filing fee on November 21, 2008 (Docket No. 16). The Court will assume, without deciding, that the Complaint was filed on January 7, 2008.

4

In the instant Motion, Defendants argue that:

(1) Plaintiff's equal protection and § 1983 claims fail because Defendants are a private company and private individuals, to which the Fourteenth Amendment and § 1983 do not apply;

(2) Plaintiff's Title VI and Title IX claims fail because they are untimely under the applicable one-year statute of limitations;

(3) Plaintiff's Title X and DOT claims fail because the statute and regulations do not provide a private cause of action;

(4) Plaintiff's Title VII and THRA claims for sex discrimination fail because he has not stated a prima facie case of sex discrimination;

(5) Plaintiff has not stated a prima facie case of defamation;

(6) Plaintiff has not stated a prima facie case of intentional infliction of emotional distress; and

(7) Plaintiff's Title VII claims against the individual Defendants must be dismissed because Plaintiff has not alleged that any of these individuals were his employer.

Defendants have specifically stated, however, that they are not seeking to dismiss all of Plaintiff's Title VII, FMLA, or retaliation claims. Docket No. 44, p. 3. Presumably, Defendants do not, at this point, seek a dismissal of Plaintiff's claim for sexual harassment.

Plaintiff's "Response" to the instant Motion (Docket No. 58) does not directly address any of these arguments. Instead, Plaintiff essentially argues:

(1) Defendants are not entitled to prevail as a matter of law, because they knew or should have known that the actions they took would violate Plaintiff's rights, but they did so anyway with malicious intentions;

5

(2) The court "might be without authority to dismiss the Plaintiff's claims without an abuse of discretion because the evidence in the records so far . . . demonstrates beyond a doubt that the Plaintiff can prove all sets of facts that would entitle him to relief";

(3) Plaintiff's Complaint "was filed on time";

(4) The federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute;

(5) The Motion to Dismiss is premature and should be denied until Plaintiff has taken discovery;

(6) Defendants did not serve their Answer within twenty (20) days after being served;

(7) "The exhaustion doctrine is not applicable because the Defendants never claimed ineffective assistance of counsel in a state court here and also not here in this federal court";

(8) "The defendants' motion to dismiss is barred by procedural default";

(9) Plaintiff is entitled to legal relief as a matter of law;

(10) The individual Defendants are not "absolutely immune";

(11) The individual Defendants acted knowing, willfully, and maliciously against Plaintiff's rights;

(12) The individual Defendants secured unjust compensation and unjust enrichment by violating Plaintiff's rights under the doctrine of Quantum Meruit;

(13) Plaintiff is a member of a protected class;

(14) Defendants knew or should have known of the harassment of Plaintiff but they failed to take appropriate corrective action;

(15) Defendants released fabricated employment records to Plaintiff's future employers

and, therefore, Plaintiff should be able to recover for defamation;

(16) The items in the Complaint are related to "emotional duress," and Plaintiff should be allowed compensation for intentional infliction of emotional duress (and/or distress); and

(17) Defendants benefit from federal funds and, therefore, they are not immune from suit.
Docket No. 58.

Similarly, Plaintiff's one-page legal Memorandum cites five Supreme Court cases, a U.S. Court of Appeals decision, and a State Court decision, for the various propositions that:

(1) Defendants' Motion to Dismiss is "barred in procedural default";

(2) Plaintiff's costs do not disappear when Defendant failed to answer within twenty (20) days after being served;

(3) Defendants are represented by a trained attorney and should be allowed to default so as to make the Motion to Dismiss void; and

(4) Plaintiff has made a prima facie case for unlawful discrimination, defamation, and "emotional duress."
Docket No. 59.

### III. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual

allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"- "that the pleader is entitled to relief."

129 S.Ct. at 1949-50, 173 L. Ed. 2d at 884 (citations omitted).

### IV. <u>Analysis</u>

The Court will address the arguments in the instant Motion *seriatim*.

8

It is readily apparent that Plaintiff has failed to state a claim upon which relief can be granted under the Equal Protection Clause of the Fourteenth Amendment or under 42 U.S.C. § 1983. Plaintiff cannot raise a Fourteenth Amendment claim directly under the Constitution; instead, Plaintiff must raise such a claim through 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735 (1989); *Thomas v. Shipka,* 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In order to state a claim under § 1983, Plaintiff must show that he was deprived of federal rights by one or more persons acting under color of state law. Plaintiff has made no allegation that any of the Defendants acted under color of state law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted with regard to § 1983.

Plaintiff's claims under Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 are time-barred. The Sixth Circuit has held that any Title VI or Title IX claim brought in Tennessee must be brought within Tennessee's limitation period for personal injury claims. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 729 (6th Cir. 1996). The statute of limitations for personal injury claims in Tennessee is one year. T.C.A. § 28-3-104(a). Plaintiff's employment was terminated on November 9, 2006, and he has made no allegations suggesting that any of his claims against the Company Defendants arose after his termination. The instant action was filed more than one year after November 9, 2006, and Plaintiff's claims under Title VI and Title IX are time-barred.[3]

Plaintiff has also made a passing reference to discrimination under "Title X of the

---

[3] This would also be the case if Defendant's date of termination were viewed as December 13, 2006. *See* note 1, *supra*.

9

Federal Civil Right laws." Docket No. 21, p. 14. Title X establishes the Community Relations Service within the Department of Commerce. 42 U.S.C. § 2000g *et seq.* Title X does not provide a private cause of action, and Plaintiff has not set forth any facts that show his alleged rights under Title X were violated.

With regard to Plaintiff's claims under 49 CFR Part 40, the Court notes that 49 CFR Part 40 describes required procedures for conducting work place drug and alcohol testing for the federally regulated transportation industry. Plaintiff's Amended Complaint has no factual allegations related to violations of work place drug and alcohol testing. Moreover, § 40.395 does not provide a private cause of action.

Plaintiff has also failed to state a prima facie case of sex discrimination under Title VII, because he has not alleged that he was treated differently than any similarly-situated female employees. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). Additionally, because the analysis of sex discrimination claims under the Tennessee Human Rights Act is the same as under Title VII, Plaintiff's claims of sex discrimination under the Tennessee Human Rights Act should be dismissed as well. *See Campbell v. Florida Steel Corp.*, 19 S.W.2d 26, 31 (Tenn. 1996); T.C.A. § 4-21-101(a); *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 464 (6th Cir. 2001).

In order to establish a prima facie case of defamation in Tennessee, a plaintiff must establish that: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Wright v. Sodexho Marriott Servs.,* 30 Fed. Appx. 566, 566-67 (6th Cir. 2002). Plaintiff has failed to provide any factual allegations

10

Case 3:08-cv-01123    Document 138    Filed 08/14/09    Page 10 of 12 PageID #: 1024

as to how he was allegedly defamed or who allegedly defamed him. Additionally, the statute of limitations for slander in Tennessee is six (6) months (T.C.A. § 28-3-103), and the statute of limitations for libel is one (1) year (T.C.A. § 28-3-104(a)(1)). Any defamation claims Plaintiff might have asserted are barred by the statute of limitations.

Plaintiff's claim for intentional infliction of emotional distress is also barred by Tennessee's one year statute of limitations for injuries to the person. T.C.A. § 28-3-104(a)(1). Furthermore, Plaintiff has not stated a prima facie case of intentional infliction of emotional distress, because he has not alleged or shown that the conduct at issue is so outrageous that it is not tolerated by civilized society. *See Bain v. Wells,* 936 S.W.2d 618, 622-23, Tenn. 1997) (A plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."). Thus, Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

Finally, Plaintiff's Title VII claims against the individual Defendants must be dismissed. As the Sixth Circuit has held, an individual employee/supervisor, who does not otherwise qualify as an "employer" may not be held personally liable under Title VII. *Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997). Plaintiff does not allege that any of the individual Defendants were his "employers."

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss, in Part (Docket No. 43), be GRANTED, and that the following claims of Plaintiff set forth in the Amended Complaint against the Company Defendants be DISMISSED: (1)

11

Plaintiff's Fourteenth Amendment equal protection and § 1983 claims; (2) Plaintiff's Title VI and Title IX claims; (3) Plaintiff's Title X claims and claims under 49 CFR Part 40; (4) Plaintiff's Title VII and THRA claims for sex discrimination; (5) Plaintiff's claims for defamation; (6) Plaintiff's claims for intentional infliction of emotional distress; and (7) Plaintiff's Title VII claims against the individual Defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge