IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH P. BERTRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:08-01123 |
| | ) | JUDGE ECHOLS/KNOWLES |
| | ) | |
| | ) | JURY DEMAND |
| YELLOW TRANSPORTATION, INC., | ) | |
| LARRY BRINEY, CARL HASTINGS, | ) | |
| KEITH DAILEY, individually and | ) | |
| their Official Capacity as Line Haul | ) | |
| Shift Operation Manager, and LOCAL | ) | |
| UNION 480 TEAMSTERS FREIGHT | ) | |
| EMPLOYEES INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendant Teamsters Local 480. Docket No. 61. Defendant Union has also filed a supporting Memorandum. Docket No. 62. Eight days after the filing of the instant Motion, Plaintiff filed a "motion to NOT dismiss in Part or In Whole any of this complaint" (Docket No. 73) and a supporting Memorandum (Docket No. 74).

Thereafter, the Company Defendants[1] filed a "Motion to Strike Plaintiff's Motion to 'Not Dismiss in Part or in Whole Any of this Complaint.'" Docket No. 85. In support of that Motion,

---

[1] The Company Defendants are Yellow Transportation, Inc., Larry Briney, Carl Hastings and Keith Dailey.

the Company Defendants argued that Plaintiff had already filed a Response in Opposition to the Company Defendants' Motion to Dismiss (Docket No. 58), and that Plaintiff's Motion was redundant and impermissible under the Federal Rules of Civil Procedure and the Local Rules of Court. The same day, Defendant Union also filed a Motion to Strike Plaintiff's Motion Not to Dismiss. Docket No. 88. The Union adopted the arguments raised by the Company Defendants, and argued that there is no provision in the Federal Rules of Civil Procedure or in the Local Rules of Court for the filing of such a Motion.

Four days after the filing of the two referenced Motions to Strike, Plaintiff filed an Affidavit "In Support of motion to NOT dismiss In part or In Whole any of this complaint." Docket No. 91. Some six (6) days after the filing of his Affidavit, Plaintiff filed a "response in opposition to the defendants' motion to strike (Docket No. 85) his [*sic*] motion To Not Dismiss in Whole or In Part Any of His [*sic*] Complaint." Docket No. 93.

As the Court noted in a previous Report and Recommendation (Docket No. 138), Local Rule 7.01 clearly contemplates the filing of a single set of materials responsive to a Motion not later than ten (10) days after the service of the Motion. Moreover, in analyzing a Motion to Dismiss under Rule 12(b)(6), "the court may consider only the facts alleged in the pleadings, documents attached as exhibits, or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice." **Moore's Federal Practice 3d** §12.34[2], p. 12-87 (2009) (footnote omitted). Additionally, "The court may not . . . take into account additional facts asserted in a memorandum opposing a motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Id.*, p. 12-90 (footnote omitted).

The Union's Motion to Dismiss was filed January 6, 2009. Docket No. 61. It seems

2

reasonably apparent that Plaintiff's "Motion to Not Dismiss" (Docket No. 73) and the supporting Memorandum (Docket No. 74) constitute Plaintiff's response to the Union's Motion to Dismiss. For this and other reasons, the Court has, by separate Order, declined to strike the "Motion to Not Dismiss" and the supporting Memorandum, and the Court will not consider any other materials filed by Plaintiff that might be construed as possible responses to the instant Motion.

The Union's Motion to Dismiss is based upon Fed. R. Civ. P. 12(b)(6). Defendant Union raises three separate sets of arguments as to why this action should be dismissed. First, Defendant Union adopts a previously-filed Motion to Dismiss, in Part, filed by the Company Defendants. Docket Nos. 43, 62, p. 4. Defendant Union seeks the dismissal of the following claims: (1) Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) Plaintiff's claims under Title VI of the Civil Rights Act and Title IX of the Education Amendment; (3) Plaintiff's claims under Title X of the Civil Rights Act and DOT Regulation 49 CFR Part 40; (4) Plaintiff's claims for sex discrimination under Title VII and the Tennessee Human Rights Act; (5) Plaintiff's claims for defamation; and (6) Plaintiff's claims for intentional infliction of emotional distress.

Second, Defendant argues that, to the extent that Plaintiff is attempting to state a "Section 301 hybrid claim under 29 U.S.C. § 185," such an action is barred by the statute of limitations, Plaintiff cannot establish a breach of the duty of fair representation by the Union, nor can Plaintiff establish a breach of the collective bargaining agreement by the company.

Third, Defendant Union seeks the dismissal of any claims that may have been alleged against David Mottern, an official of Teamsters Local 480, because Mr. Mottern is not a

3

Defendant.

Fourth, Defendant Union seeks the dismissal of all of Plaintiff's claims under Title VII, because Plaintiff has failed to state a prima facie case.

Plaintiff's "Motion Not to Dismiss" does not specifically address virtually any of the arguments raised in the instant Motion to Dismiss. Instead, Plaintiff talismanically repeats, "The defendants' motions are fraud upon the court." Docket No. 73, p. 1, 2, 3, 4, 5. Plaintiff also argues that his claims are "legal and timely filed." *Id.*, p. 1. He further argues that Defendants are direct and indirect recipients of "federal funds, grants, aide, bill outs [*sic*], loans, tax breaks, support, protection, and money," and that, as such, they are subject to being sued in federal court. *Id.*, p. 3. Plaintiff further argues that Defendants' Motions to Dismiss are "untimely and procedurally barred" and the Norris-La Guardia Act of 1932 "forbids this court from granting the Motion to Dismiss . . . ." *Id.*, p. 5. Plaintiff refers to his advocacy for the hiring of female truck drivers, argues that Defendants do not have "absolute immunity, and contends that Defendants took actions that they knew or should have known would unlawfully harm him with actual malice and bad faith." *Id.,* p. 30.

The "Motion Not to Dismiss" is accompanied by fifty-one pages of Exhibits. The specific pages of the Exhibits are not discussed separately in Plaintiff's "Motion"; rather, Plaintiff refers generally to the Exhibits for the propositions that: (1) Plaintiff's blood pressure was high when he requested leave from the Defendants; (2) Defendants maliciously, intentionally, and deliberately took the actions in this Complaint against the Plaintiff and female truck driver applicants at the line haul department in Nashville; (3) Defendants "might be" in the habit of requesting an extension of time with bad faith while in "absent of good cause"; and (4)

4

the Defendants' two Motions to Dismiss are "frivolous, fabricated, unreasonable, and groundless . . . ." Docket No. 73, p. 7-8.

Similarly, Plaintiff's supporting Memorandum of Law (Docket No. 74) does not directly address most of the arguments made in the Union's Motion. The Memorandum does argue, however, that the statute of limitation issues are "inapplicable"; that Defendants' Motions to Dismiss are "procedurally barred and fraud upon the Court"; that a four-year federal catch-all statute of limitations is applicable to his Title IX and Title X under claims 28 U.S.C. § 1658(a); that Defendants do not have "absolute immunity"; that § 1983 applies not only to state actors, but also to private companies who are direct and indirect recipients of federal funds; and that Defendants "refused to use proper judgment."

The applicable standards for analyzing a Motion to Dismiss filed pursuant to Rule 12(b)(6) have been set forth by the Court in its previous Report and Recommendation concerning the Company Defendants' Motion to Dismiss. Docket No. 138, p. 7-8.

As discussed above, Defendants' first set of arguments in support of its Motion to Dismiss is an adoption of a previously-filed Motion to Dismiss, In Part, filed by the Company Defendants. For the reasons set forth in the Report and Recommendation regarding that Motion to Dismiss (Docket No. 138), the undersigned similarly recommends that Defendant Union's Motion to Dismiss be GRANTED in part, and that the following claims of Plaintiff set forth in the Amended Complaint against Defendant Union be dismissed: (1) Plaintiff's Fourteenth Amendment Equal Protection and § 1983 claims; (2) Plaintiff's Title VI and Title IX claims; (3) Plaintiff's Title X claims and claims under 49 CFR Part 40; and (4) Plaintiff's Title VII and THRA claims for sex discrimination; Plaintiff's claims for defamation; and Plaintiff's claims for

5

intentional infliction of emotional distress.[2]

Second, as Defendant Union argues, it is nearly impossible to determine from Plaintiff's Amended Complaint which claims are being alleged against which Defendants. Defendant Union does recognize, however, that Plaintiff has stated in paragraph 47of his Amended Complaint: "The Plaintiff also filed grievances about the items in this lawsuit with the Local Union 480 Teamsters with no illegal [*sic*] actions by the union or fair results by the committee. The Plaintiff is not barred by 301 of the National Labor Relation [*sic*] Act of 1935 or 29 U.S.C. 151 *et seq.* [*sic*]."

To the extent that Plaintiff is attempting to state a Section 301 [29 U.S.C. § 185] claim, he has failed to do so, and, in any event, such a claim would be time-barred. Section 301 claims are known as "Hybrid 301" claims, because they require a Plaintiff to prove claims against both the Union and the employer in order to succeed. In order to state such a claim, a Plaintiff must establish that the Union breached its duty of fair representation, and that the Company breached the collective bargaining agreement. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570-71

---

[2] Perhaps the clearest argument Plaintiff raises in his supporting Memorandum is that his claims under Title IX and X are governed by a "four year federal catch-all" statute of limitations set forth in 28 U.S.C. § 1658(a). Docket No. 74, p. 9. Plaintiff's argument here, however, is simply incorrect. Section 1658(a) states:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than four years after the cause of action accrues.

The date of the enactment of § 1658(a) was December 1, 1990. Plaintiff has not shown that Title IX or Title X were enacted after December 1, 1990. Moreover, the statute of limitations for Title IX claims is "otherwise provided by" law to be one year. *See* Docket No. 138, p. 9. Finally, there is no statute of limitations for Title X, which merely establishes the Community Relations Service within the Department of Commerce.

6

(1976). *See also Del Costello v. Teamsters,* 462 U.S. 151 (1983). Plaintiff has set forth no facts to support a claim that the Union breached its duty of fair representation or that the employer breached the collective bargaining agreement. Therefore, Plaintiff has failed to state a claim under § 301.

Additionally, any such claim would be barred by the six month statute of limitations for Hybrid 301 claims. *See Del Costello v. Teamsters, supra*; *International Brotherhood of Electrical Workers, AFL-CIO v. Hechler,* 481 U.S. 851 (1987); *Wilson v. International Brotherhood of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996). Plaintiff avers that the Union did not appropriately represent him at a hearing held December 13, 2006. Docket No. 21, p. 6. Plaintiff's Complaint was not filed until January 7, 2008 (at the earliest).[3] Thus, the statute of limitations bars any Section 301 claim.

Third, Defendant Union seeks to dismiss any claims that may be asserted against one of its officials, David Mottern. As Defendant Union recognizes, however, Mr. Mottern is not named in the caption of this action, no process has been issued with regard to Mr. Mottern, and Mr. Mottern has not been served with process. Under these circumstances, the Court concludes that Mr. Mottern is not a Defendant in this action, and, to the extent that the instant Motion seeks to dismiss claims against him, that Motion is DENIED AS MOOT.

Finally, Defendant Union argues that Plaintiff has failed to state a prima facie case against it under Title VII. As discussed above, the Court has previously recommended the granting of the Company Defendants' Motion to Dismiss Plaintiff's Title VII claims for sex discrimination. Docket No. 138, p. 10. At the same time, however, the Court recognized that

---

[3] *See* Docket No. 138, p. 4-5, n. 2.

the Company Defendants had not moved to dismiss all of Plaintiff's Title VII claims. It appears that Defendant Union seeks to dismiss any possible claims Plaintiff may have sought to assert against the Union for sexual harassment or retaliation under Title VII. Insofar as the Court can determine, Plaintiff has not set forth any factual allegations that could support any Title VII or THRA claims against Defendant Union for sexual harassment or for retaliation. Quite simply, Plaintiff does not allege that the Union itself was involved in any sexual harassment or any retaliation directed toward him.

For the foregoing reasons, the undersigned recommends that Defendant Union's "Motion to Dismiss" (Docket No. 61) be GRANTED IN PART, and that the following claims of Plaintiff against the Union be DISMISSED: (1) Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) Plaintiff's claims under Title VI of the Civil Rights Act and Title IX of the Education Amendment; (3) Plaintiff's claims under Title X of the Civil Rights Act and DOT Regulation 49 CFR Part 40; (4) Plaintiff's claims of sex discrimination under Title VII and the THRA, as well as any possible claims for sexual harassment and retaliation under Title VII and/or the THRA; (5) Plaintiff's claims for defamation; (6) Plaintiff's claims for intentional infliction of emotional distress; and (7) Plaintiff's claims under 29 U.S.C. § 185. To the extent that the Motion seeks a dismissal of claims against David Mottern, the Motion should be DENIED AS MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said

8

objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge