UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH B. BERTRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-1123 |
| | ) Judge Echols |
| YELLOW TRANSPORTATION, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM

This is an action brought by pro se Plaintiff in which he asserts numerous and assorted claims against his former employer, union, and individuals. The Complaint was filed on January 7, 2008, and amended on November 26, 2008.

The Magistrate Judge has now entered a Report and Recommendation (Docket Entry No. 138) which recommends that "Defendant Yellow Transportation, Inc., Larry Birney, Carl Hastings and Keith Dailey's Motion to Dismiss, In Part, Plaintiff's Amended Complaint" (Docket Entry No. 43) be granted and that several claims against the Company Defendants be dismissed. Plaintiff has filed Objections to this R & R (Docket Entry No. 146[1]).

---

[1] Additionally, after the filing of these Objections, Plaintiff filed several "Notices" (Docket Entry Nos. 149 – 154) intended to supplement his Objections, one of which prompted Defendants to file a "Motion for Leave to Respond to Plaintiff's 'Notice of Filing'" (Docket Entry No. 172). While the Court has considered Plaintiff's Notices as part of his objections in formulating this Memorandum and accompanying Order, it needs no further briefing by the parties about the propriety of the recommendations made by the Magistrate Judge and thus the Motion for Leave to Respond will be denied.

1

The Magistrate Judge has also entered another R & R (Docket Entry No. 139) in which he recommends that the Defendant Teamsters Local 480's Motion to Dismiss (Docket Entry No. 61) be granted in part and that several of the claims against the Union Defendants be dismissed. Plaintiff has filed Objections to that R & R as well. (Docket Entry No. 140).

Additionally, Plaintiff has filed a Motion for Extension of Time (Docket Entry No. 144) and a related Motion for Compensation (Docket Entry No. 147). In the Motion for Extension, Plaintiff requests an additional ten days within which to file his Objections to the first R & R, claiming that he did not receive a copy of the R & R in the mail. In his Motion for Compensation, he claims that because he allegedly did not receive the R & R in the mail and a deputy clerk of this Court could not offer a satisfactory explanation to Plaintiff when confronted about the matter, his filing fee should be refunded, either in whole or in part. However, after Plaintiff filed his Motion for Extension and Motion for Compensation, he filed his Objections to the first R & R (Docket Entry No. 146), along with numerous "Notices" (Docket Entry Nos. 149-154). Accordingly, his Motion for Extension will be denied as moot. Further, Plaintiff has not shown that anybody deliberately denied him access to this Court and the record shows the opposite, as Plaintiff has been able to file his Objections. Accordingly, his Motion for Compensation will be denied. The Court turns to the R & Rs and Plaintiff's Objections thereto.

## I. DISCUSSION

Federal Rule of Civil Procedure 72(b) requires a party to make "specific written objections to the proposed findings and recommendations." When a party makes such objections, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

2

consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

**A.  R & R (Docket Entry No. 138)**

In the first R & R, the Magistrate Judge addressed the Motion to Dismiss filed by Defendant Yellow Transportation, Inc. and its employees, Larry Birney, Carl Hastings and Keith Dailey (Docket Entry No. 43). The Magistrate Judge recommends that several of the claims against those Defendants be dismissed. Those claims include Plaintiff's Fourteenth Amendment Equal Protection and 42 U.S.C. § 1983 claims; Plaintiff's Title VI, Title IX and Title X claims; Plaintiff claims under 49 C.F.R. Part 40; Plaintiff's Title VII and Tennessee Human Rights Act ("THRA") claims for sex discrimination; Plaintiff's claims for defamation; Plaintiff's claims for intentional infliction of emotional distress, and Plaintiff's Title VII claims insofar as they are asserted against the individual company Defendants. The Court has reviewed the Magistrate Judge's legal conclusions with respect to those claims and finds that dismissal of those claims is fully supported by the record and the law.

Plaintiff raises numerous objections to the R &R. First, he objects to the dismissal of the Title VII claims against the individual Defendants and argues that those Defendants "might own stocks in the company," and therefore "might be at least a part owner in the Company" and employers within the meaning of Title VII. (Docket Entry No. 146 at 2-3). However, individuals are not liable under Title VII, Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997), and the fact that an individual may own even a significant amount of stock in a corporation does not, standing alone, make that individual an employer for purposes of Title VII, see, Hall v. United Parcel Service, 2000 WL 554091 at *2 (D. Kan. 2000)(collecting cases). This objection is overruled.

3

Plaintiff next objects by complaining that his "Motion to Not Dismiss" (Docket Entry No. 73), accompanying Memorandum of Law (Docket Entry No. 74), and supporting Affidavits (Docket Entry Nos. 90-91) were not considered by the Magistrate Judge. However, the Magistrate Judge did consider Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Docket Entry No. 58) and accompanying Memorandum (Docket Entry No. 59). As for Plaintiff's further belated filings, the Magistrate Judge quoted the provisions of Local Rule 7.01(b) which allows for the filing of opposing papers within ten days of service and then wrote:

> Local Rule 7.01(b) clearly contemplates the filing of a single set of responsive materials not later than ten (10) days after service of a Motion. Moreover, in analyzing a Motion to Dismiss under Rule 12(b)(6), "the court may consider only the facts alleged in the pleadings, documents attached as exhibits, or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice." Moore's Federal Practice 3d § 12.34[2], p. 12-87 (2009) (footnote omitted). Additionally, "The court may not . . . take into account additional facts asserted in a memorandum opposing a motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." Id., p. 12-90 (footnote omitted).
> For these reasons, in analyzing the instant Motion to Dismiss, the Court will not consider any material filed by Plaintiff except his Response in Opposition to Defendants' Motion to Dismiss (Docket No. 58) and his supporting Memorandum of Law (Docket No. 59).

(Docket Entry No. 138 at 2-3). The Magistrate Judge did not err in refusing to consider repeated filings which were in contravention of the Local Rules. Regardless, this Court has reviewed those filings and finds nothing which would lead it to conclude that any of the recommendations made by the Magistrate Judge are incorrect. This objection is overruled.

Plaintiff next raises several objections to the effect that the individual Defendants should be held accountable for "criminal acts," involving vandalism to his vehicle which occurred when someone allegedly placed "Krazy" glue in the door lock while the vehicle was parked on Yellow Transportation's employee's parking lot. Plaintiff analogizes the situation to United States v.

4

Hullett, Case No. 3:08-00067, a case in this Court in which a union organizer was sentenced to ten months in prison for embezzlement and identity theft. Plaintiff claims that if the Defendant in Hullett was sentenced to prison for "criminal acts while on the job," then the individual Defendants "should be at least allowed to compensate the plaintiff for damages" and "should not be allowed to not repair or replace plaintiff[']s vehicle." (Docket Entry No. 156 at 4). However, Hullett was a criminal case, whereas this is a civil action and the fact that someone may have placed "Krazy" glue in Plaintiff's door locks is not an independent cause of action. Moreover, the "Krazy" glue incident was not mentioned in the R &R and has no bearing on the recommendations made by the Magistrate Judge. This objection is overruled.

Plaintiff next objects claiming that the Union Defendants are "Plaintiff's employers to the same extend [sic] as the company itself." (Docket Entry No. 156 at 5). This objection is irrelevant to the R & R which considered the Company's Motion to Dismiss and is overruled.

Plaintiff next objects by complaining he did not receive the R & R in the mail. As already indicated, however, Plaintiff did in fact file his Objections which the Court is considering in formulating this Memorandum. Moreover, this is not an objection to the recommendations in the R & R and it is therefore overruled.

Plaintiff next objects by arguing that his Title VI and Title IX claims are timely. The record reflects that Plaintiff was terminated by Yellow Transportation on November 9, 2006, and he filed his Complaint on January 7, 2008. Based on the applicable one-year statute of limitations for Title VI and Title IX claims, the Magistrate Judge recommends dismissal of these claims because they are time-barred. In his objections, Plaintiff attempts to invoke the continuing violation doctrine by claiming that to this very day female truck drivers are denied job opportunities as truck drivers at

5

Yellow Transportation. However, that is a claim for the disappointed female truck drivers to make, not Plaintiff. He was terminated by Yellow Transportation on November 9, 2006 and his discrimination claims accrued as of that date. This objection is overruled.

Plaintiff also objects claiming that Defendants interfered with his right to take FMLA leave. This objection is overruled because the Company Defendants did not move for dismissal of Plaintiff's FMLA claim (Docket Entry No. 44 at 3 n.1), and the Magistrate Judge did not recommend dismissal of any such claim.

Finally, Plaintiff raises two objections wherein he accuses the individual Defendants of engaging in "waste, fraud, and abuse to do away with company resources and funds" which purportedly led to a decrease in Yellow Transportation's stock price. (Docket Entry No. 146 at 10-11). However, such allegations do not relate to the causes asserted by the Plaintiff and, in any event, do not show that the Magistrate Judge erred in his recommendations. This objection is overruled.

**B. R & R (Docket Entry No. 139)**

In the second R & R, the Magistrate Judge recommends dismissal of the claims against the Union Defendants to the same extent as the same claims were advanced against the Company Defendants. The Magistrate Judge also recommends that Plaintiff's claim that the Union breached its duty of fair representation under 29 U.S.C. § 185 be dismissed. The Magistrate Judge further recommends that because David Mottern, an official of the Union, is not named in the caption of the Amended Complaint and has not been served with process, the Motion to Dismiss as to him should be denied as moot. Finally, the Magistrate Judge recommends that any possible claims for sexual harassment and/or retaliation against the Union under Title VII or the THRA be dismissed.

6

Plaintiff raises four objections to this R & R. First, Plaintiff claims that the Union owns at least fifteen percent of Yellow Transportation's stock and is therefore just as liable for any alleged discrimination as the Company. However, the Union was not Plaintiff's employer. While unions may be held liable under Title VII, they can only be held liable for their discriminatory acts, not the discriminatory acts of the employer or the employer's employees. See, Maalik v. Int'l. Union of Elevator Constructors, 437 F.3d 650, 653 (7th Cir. 2006). Here, Plaintiff's complaint about harassment and retaliation relates to acts taken by Yellow Transportation employees, not the Union. This objection is overruled.

In his second and third objections, Plaintiff asserts that the Union Defendants refused to allow Plaintiff his FMLA rights and did not grieve the denial of those rights. However, in the R & R, the Magistrate Judge does not recommend dismissal of Plaintiff's FMLA claims and these objections are therefore overruled.

Fourth and finally, Plaintiff argues that his Title IX claim is not time-barred because there continues to be unlawful discrimination against female truck driving applicants. As already pointed out, any claim Plaintiff had accrued when he was terminated and the fact that others may have been discriminated against after that date is irrelevant to Plaintiff's claims. This objection is overruled.

## II. CONCLUSION

On the basis of the foregoing, the R & Rs (Docket Entry Nos. 138 and 139) will be accepted and approved and Plaintiff's Objections thereto (Docket Entry Nos. 140 and 146) will be overruled. "Defendant Yellow Transportation, Inc., Larry Birney, Carl Hastings and Keith Dailey's Motion to Dismiss, In Part, Plaintiff's Amended Complaint" (Docket Entry No. 43) and Defendant Teamsters Local 480's Motion to Dismiss (Docket Entry No. 61) will be granted insofar as they seek dismissal

of Plaintiff's Fourteenth Amendment Equal Protection and 42 U.S.C. § 1983 claims; Plaintiff's Title VI, Title IX and Title X claims; Plaintiff's claims under 49 C.F.R. Part 40; Plaintiff's Title VII and Tennessee Human Rights Act claims for sex discrimination; Plaintiff's claims for defamation; and Plaintiff's claims for intentional infliction of emotional distress, and those claims will be dismissed. Further, Plaintiff's Title VII claims against the individual company Defendants and Plaintiff's retaliation and harassment claims against the Union will be dismissed. Plaintiff's claims against the Defendant Union for breach of the duty of fair representation will also be dismissed. Defendant Union's Motion to Dismiss any purported claims against David Mottern will be denied as moot.

Plaintiff's Motion for Extension of Time to File Response (Docket Entry No. 144) will be denied as moot. Plaintiff's Motion for Compensation (Docket Entry No. 147) will be denied.

Defendants' Motion for Leave to Respond to Plaintiff's Notice of Filing (Docket Entry No. 172) will also be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE