IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH P. BERTRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:08-1123 |
| | ) | JUDGE ECHOLS/KNOWLES |
| | ) | |
| YELLOW TRANSPORTATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court upon two similar Motions for Protective Order filed by the Yellow Transportation Defendants[1] and the Union Defendant. Docket Nos. 125, 127. Both Motions relate to Plaintiff's requested "Authorization for Release of Employment Records" and "Authorization for Release of Medical Records." Defendants have also filed supporting Memoranda of law. Docket Nos. 126, 128.

Defendants state that Plaintiff previously sent them an "Authorization for Release of Employment Records," and an "Authorization for Release of Medical Records" to be signed by seven individuals. Defendants' counsel subsequently notified Plaintiff that Defendants did not need to sign a Release in order to turn over personnel documents and that they would respond to that request as prescribed by the Federal Rules of Civil Procedure. Defendants' counsel also

---

[1] The Yellow Transportation Defendants are Yellow Transportation, Inc., Larry Briney, Carl Hastings, and Keith Dailey.

notified Plaintiff that Defendants would not complete the "Authorization for Release of Medical Records," because Plaintiff's request for Defendants' medical information was irrelevant to Plaintiff's claims. Defendants state that Plaintiff has repeated his requests for these authorizations and has repeatedly sent them redundant e-mails regarding these Authorizations.

Defendants cite Fed. R. Civ. P. 26(c), which provides in relevant part, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." While Defendants do not specify whether they view Plaintiff's conduct as annoyance, embarrassment, oppression, or undue burden, it appears to the Court that Plaintiff's repeated requests could constitute "annoyance."

Plaintiff has filed a Response in Opposition to the Motion of the Yellow Transportation Defendants. Docket No. 129. In that Response, Plaintiff repeats that he is "acting only in good faith," and that he needs "the above information to accurately and to precisely plan discovery in this lawsuit." Docket No. 129, p. 1,2, 3. Plaintiff further states:

> Medical Authorization for Release of Medical Records and Authorization for Release of Employment Records will secure additional information and facts that cannot be adulterated by the defendants since a different organization will be in the care of the records. The protective order will unfairly deny equal access to the court.

*Id*., p. 5.

Plaintiff previously filed an Amended Complaint raising a number of claims against Defendants. Docket No. 21. Both sets of Defendants filed Motions to Dismiss, and the undersigned submitted two Reports recommending that the majority of Plaintiff's claims be dismissed. Docket Nos. 138, 139. Judge Echols subsequently entered a Memorandum Opinion and Order accepting and approving those Reports and Recommendations. Docket No. 180.

2

Thus, the only claims that remain in this action are Plaintiff's Title VII claims (including a claim for sexual harassment), Plaintiff's FMLA claims, and Plaintiff's retaliation claims. Docket No. 138, p. 5.

As Defendants correctly argue, they may release relevant employment records in this action without an authorization. Moreover, Plaintiff's request that Defendants complete an "Authorization for Release of Medical Records," which Plaintiff apparently wants in order to obtain medical records of the individual Yellow Transportation Defendants and others, seeks information that is not relevant to the claim or defense of any party in this action, nor is it reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b).

For the foregoing reasons, Defendants' Motions for Protective Order (Docket No. 125 and 127) are GRANTED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge