IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH P. BERTRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:08-1123 |
| | ) JUDGE ECHOLS/KNOWLES |
| | ) |
| YELLOW TRANSPORTATION, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon a document filed by the pro se Plaintiff headed:

> The plaintiff's motion for sanctions against the defendants, the attorneys, and the law firm for not allowing Carl Hasting and Keith Dailey to be present at the October 5, 2009 depositions In order to take part in fraud upon the court to improperly influence court decisions In addition to the above, The plaintiff motion for sanctions for the conduct of the attorney and the defendants In order to take part in fraud upon the court to improperly influence the court decisions at the deposition on October 5, 2009.

Docket No. 203.

Plaintiff has filed a supporting Memorandum of Law. Docket No. 204.

The Yellow Transportation Defendants (Yellow Transportation, Inc., Larry Briney, Carl Hastings, and Keith Dailey) have filed a Memorandum in Opposition to the Motion.

The thrust of Plaintiff's Motion is that Mr. Dailey and Mr. Hastings failed to appear for their properly-noticed depositions on October 5, 2009, "at least (15) Fifteen [minutes] before the start of the deposition at 10:00 a.m. . . . ." Docket No. 203, p. 1. At another point, however,

Plaintiff complains that Mr. Dailey and Mr. Hastings failed to appear "at the start of the deposition at 10:00 a.m." *Id.*, p. 3. Plaintiff further states, "The plaintiff and the defendants had no agreement for Keith Dailey and Carl Hasting [*sic*] to not be present at 10:00 a.m. for the deposition at the above law firm."[1]

Defendants have filed a Response in Opposition to the Motion. Docket No. 228. Defendants argue that, in the early stages of the discovery in this action, Plaintiff repeatedly noticed depositions of six (6) witnesses, all to begin at the same time. Defendants' counsel explained to Plaintiff that all of the witnesses could not be deposed at one time and that Plaintiff needed to set specific times for each witness's deposition. Plaintiff, however, continued to insist that all witnesses be present at one time, *i.e.*, 10:00 a.m. for their depositions.

The Court held a telephone conference with Plaintiff and counsel for Defendants on June June 30, 2009, at which time the Court emphasized to Plaintiff that he was to cooperate in the scheduling of the witnesses for depositions. After the conference call, according to Defendants, the parties discussed scheduling the witnesses for depositions. Defendants state that Plaintiff agreed that the depositions would take place in 45 minute intervals beginning at 10:00 a.m. Defendants state that the parties never agreed that all of the witnesses would be deposed at 10:00 a.m.

Defendants further explain that Plaintiff deposed witness Mitch Lilly beginning at 10:00 a.m. on October 5, 2009. That deposition concluded in less than 45 minutes. Defendant Larry Briney was present for that deposition and, at the conclusion of Mr. Lilly's deposition, Plaintiff

---

[1] For whatever reason, in the instant Motion Plaintiff repeatedly refers to Defendant Carl Hastings as "Carl Hasting."

took the deposition of Mr. Briney, which concluded at approximately 10:56 a.m. Neither Keith Dailey or Carl Hastings had yet arrived for their depositions, because they were not scheduled to be deposed until 11:30 a.m. and 12:15 p.m., respectively. At that point, Plaintiff decided to conclude his depositions, apparently opting not to wait approximately 30 minutes until the arrival of Mr. Dailey.

With their opposition Memorandum, Defendants have submitted excerpts from the October 5, 2009, proceedings. Docket No. 228-4. Defendants point out that, Plaintiff's argument in his Motion that Defendants Hastings and Dailey were scheduled to appear at 10:00 a.m. is completely contrary to the argument he made on October 5, when he stated that the parties had agreed that Mr. Hastings and Mr. Dailey were to appear at 11:00 a.m. Additionally, Defendants point out that Plaintiff did not object, when he began his deposition of Mr. Lilly at 10:00 a.m., that Mr. Dailey and Mr. Hastings were not present. Finally, Defendants argue that they are not responsible for Plaintiff's unilateral decision to conclude his depositions prior to the arrival of Mr. Hastings and Mr. Dailey.

Based upon the Motion and the Response thereto, the Court finds it difficult to believe that Plaintiff did not understand that he could not demand that all four deponents be present at the same time, which would have resulted in several witnesses having to wait to give their depositions for no good reason whatsoever.

Plaintiff has offered no authority for the proposition that he is entitled to sanctions under these circumstances.[2]

---

[2] Plaintiff seeks sanctions, "as the court see fit to make the plaintiff whole including but not limited to financial damages, a favorable judgment in this lawsuit, and order to return to work, and compensation for lost wages and health insurance benefits while away from work

For the foregoing reasons, the instant Motion (Docket No. 203) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

---

which results from the unlawful action of the defendants themselves." Docket No. 203, p. 1.