IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH P. BERTRAND           )
                             )
v.                           ) NO. 3:08-1123
                             ) JUDGE CAMPBELL
YELLOW TRANSPORTATION, INC., )
   et al.                    )

ORDER

Pending before the Court, among other things, are the following Motions:

(1) Plaintiff's Motion for a *De Novo* Reconsideration of Docket Number 350 by a District Judge (Docket No. 360);

(2) Plaintiff's Motion for a *De Novo* Reconsideration of Docket Number 352 by a District Judge (Docket No. 364);

(3) Defendants' Motion for Review of Docket Nos. 349 and 352 (Docket No. 374);

(4) Plaintiff's Motion for a *De Novo* Reconsideration of Docket Number 383 by a District Judge (Docket No. 388); and

(5) Defendants' Motion for Review of Docket No. 386 (Docket No. 401).

These Motions ask the Court to reconsider and/or review previous Orders of the Magistrate Judge. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law.

Plaintiff's first Motion (Docket No. 360) asks the Court to overrule the Magistrate Judge's Order (Docket No. 350) which denied Plaintiff's Motion for Sanctions (Docket No. 169). The Court has reviewed Plaintiff's Motion, the Magistrate Judge's Order and the file. Plaintiff's Motion (Docket No. 360) is DENIED. The Court finds that the Order of the Magistrate Judge is neither clearly erroneous nor contrary to law. Therefore, the Order of the Magistrate Judge (Docket No. 350) is AFFIRMED.

Plaintiff's Second Motion (Docket No. 364) asks the Court to overrule the Magistrate Judge's Order (Docket No. 352) which granted in part and denied in part Defendants' Motion to Compel (Docket No.176). Again, the Court has reviewed Plaintiff's Motion, the Magistrate Judge's Order and the file. The Court finds Plaintiff's objections to be without merit, and Plaintiff's Motion (Docket No. 364) is DENIED.

Defendants' Motion (Docket No. 374) asks the Court to review the same Order of the Magistrate Judge (Docket No. 352) referenced above, and a related Order (Docket No. 349). Defendants argue that the Magistrate Judge erred in granting Plaintiff's Motion for Protective Order with respect to executing a medical release for production of Plaintiff's medical records and in subsequently denying Defendants' Motion to Compel such a release.

The Court has reviewed Defendants' Motion, the Magistrate Judge's Orders and the file. For the reasons which follow, Defendants' Motion (Docket No. 374) is GRANTED, and the Orders of the Magistrate Judge (Docket Nos. 352 and 349) are overruled to the extent they relate to this issue.

Rule 34(a) of the Federal Rules of Civil Procedure allows a party to request documents that are in the possession, custody or control of the party being served. Plaintiff has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them. *See Blackmond v. UT Medical Group, Inc.*, 2003 WL 22385678 at *2 (W.D. Tenn. Sept. 17, 2003). By filing a claim under the Family and Medical Leave Act, alleging that he suffered from "serious health conditions," and by seeking damages for pain and suffering and emotional distress, Plaintiff has put his physical and emotional conditions at issue in this case. Plaintiff's medical records are relevant to this litigation, and Defendants cannot obtain those records without Plaintiff's consent.

Therefore, the Magistrate Judge's Order (Docket No. 349) is overruled, and Plaintiff's Motion for Protective Order (Docket No. 163) is DENIED. Similarly, the Magistrate Judge's Order (Docket No. 352) is overruled with respect to Interrogatory No. 11, and Defendants' Motion to Compel (Docket No. 176) a response to that Interrogatory is GRANTED. By June 30, 2010, Plaintiff shall execute a medical release form authorizing Defendants to obtain copies of Plaintiff's medical records.

Plaintiff's third Motion (Docket No. 388) asks the Court to overrule the Magistrate Judge's Order (Docket No. 383) which denied Plaintiff's Motion for Sanctions (Docket No. 203). The Court has reviewed Plaintiff's Motion, the Magistrate Judge's Order and the file. The Court finds that the Order of the Magistrate Judge is neither clearly erroneous nor contrary to law. Therefore, Plaintiff's Motion (Docket No. 388)is DENIED, and the Order of the Magistrate Judge (Docket No. 383) is AFFIRMED.

Finally, Defendants ask this Court to overrule the Magistrate Judge's Order (Docket No. 386) which refuses to prohibit Plaintiff from wearing a disguise, mask and/or costume during his videotaped deposition. Docket No. 401. The Court can, without a doubt, state that this is an issue of first impression for this Court.

As the Magistrate Judge has noted, Plaintiff initially objected to Defendants' taking a videotaped deposition of his testimony and the Magistrate Judge ordered Plaintiff to appear for that properly-noticed deposition on October 6, 2009, at the offices of Bass, Berry and Sims in Nashville. The parties agree that Plaintiff did appear for that deposition, but he appeared "in disguise," wearing a jacket, hood, bushy afro wig, bushy mustache and beard, and large black sunglasses. Defendants argue that Plaintiff's face was completely hidden from view.

3

The parties dispute what requests Defendants' counsel made of Plaintiff related to his appearance and what requests Plaintiff made of Defendants' counsel. Nonetheless, it appears that Defendants' counsel "suspended" the deposition without asking Plaintiff a single question. A number of unique Motions were subsequently filed, but the issue before this Court at this time is whether to order Plaintiff to cooperate in his videotaped deposition by not appearing in a disguise.

Clearly Defendants are entitled to take the deposition of Plaintiff, an opposing party, and to use that deposition for any purpose at trial. Fed. R. Civ. P. 32(a)(3). It is essential to the proper administration of justice that dignity, order and decorum be the hallmarks of America's court proceedings. This Court would not allow a witness at trial to wear a disguise or completely cover his face. If the witness' face is entirely hidden from view, the factfinder at trial is unable to evaluate his face in judging the witness' credibility. Wearing a disguise not only violates the decorum of the courtroom, but it also impedes the factfinder's ability to judge the demeanor and appearance of the witness. Plaintiff has failed to offer any reason why wearing a disguise and/or hiding his normal or usual appearance should outweigh the importance of the Court's decorum and factfinder's ability to judge credibility.

For these reasons, Defendants' Motion for Review (Docket No. 401) is GRANTED, the Magistrate Judge's Order (Docket No. 386) is overruled, and Plaintiff shall appear for his videotaped deposition without disguise, mask, artificial facial hair, wig, sunglasses or any other artificial covering of his face and head. The date of this deposition shall be set by the Magistrate Judge.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE